

September 27, 2023

*Via CM/ECF*

Christopher G. Conway
Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

> Re: Case No. 22-2454, *Doe v. Board of Regents of the University of Wisconsin System*

Dear Mr. Conway,

Pursuant to Rule 28(j), Appellant Jane Doe writes to advise the Court of *Brown v. Arizona*, No. 20-15568 (9th Cir. Sept. 25, 2023) (Exhibit A). In this opinion, the en banc Ninth Circuit held that, for purposes of Title IX, a school may exercise "control" over an off-campus "context" in which a plaintiff is sexually harassed. *Brown*, slip op. at 25-35. It specifically noted that a school may exercise control over "an off-campus residence." *Id.* at 27. The Ninth Circuit wrote:

> [W]hile the physical location of the harassment can be an important indicator of the school's control over the "context" of the alleged harassment, a key consideration is whether the school has some form of disciplinary authority over the harasser in the setting in which the harassment takes place. That setting could be a school playground. But, depending on the circumstances, it could equally well be an off-campus field trip, an off-campus research project in a laboratory not owned by the school, or an off-campus residence.

*Id.* at 26-27 (citation omitted).

Applying this principle, the Ninth Circuit concluded that a jury could find the University of Arizona exercised control over the student residence in which a classmate abused the *Brown* plaintiff. *Id.* at 31-35. In doing so, the Court relied on

publicjustice.net | National Headquarters
1620 L Street NW, Suite 630, Washington DC 20036
(202) 797-8600 phone • (202) 232-7203 fax | West Coast Office
475 14th Street, Suite 610, Oakland, CA 94612
(510) 622-8150 phone

two facts with direct analogs to Jane's case here: The University of Arizona's disciplinary code purported to regulate off-campus conduct, and the University of Arizona in fact exercised its disciplinary authority beyond campus boundaries. *Id.* at 33. The same goes for the University of Wisconsin in the instant appeal. Reply Br., ECF No. 55 at 26. If given the chance to introduce evidence concerning the University of Wisconsin's control over the context, *see id.* at 20-21, Jane might be able to establish additional parallels.

The Appellee forfeited its argument that a jury could not find it exercised control over the apartment in which Jane was sexually assaulted. *See id.* at 18-20. But *Brown* underscores that the argument would be wrong if preserved. *See id.* at 21-26.

Respectfully Submitted,

*/s/ Alexandra Z. Brodsky*
Alexandra Z. Brodsky
Public Justice
1620 L Street NW
Suite 630
Washington, DC 20036
(202) 797-8600
abrodsky@publicjustice.net

*Counsel for Appellant Jane Doe*

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 340 words.

Dated: September 27, 2023            */s/ Alexandra Z. Brodsky*
                                                            Alexandra Z. Brodsky
                                                            *Counsel for Plaintiff-Appellant*